UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ARDELL HAIRSTON,<br><br>    Plaintiff,<br><br>v.<br><br>MILHOUSE, *et al.*,<br><br>    Defendants. | Case No. 23-12434<br>Honorable Sean F. Cox<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXTEND SCHEDULING ORDER (ECF NO. 23)**

Defendants move to extend the scheduling order dates by 90 days for discovery and 120 days for dispositive motions. ECF No. 23.[1] The Court grants in part and denies in part their motion.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine whether good cause has been shown, a court must consider whether the schedule "'cannot reasonably be met despite the diligence of the party seeking the extension'" and whether the opposing party will suffer prejudice because of the extension. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)

---

[1] The Honorable Sean F. Cox referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 10.

(quoting Rule 16, 1983 advisory committee's notes).

In their motion, defendants explain the case's background and argue that they could not conduct discovery because of delays. ECF No. 23, PageID.87-88. In early 2024, multiple orders mailed to Hairston were returned as undeliverable, so defendants moved to dismiss for failure to prosecute. ECF No. 13; ECF No. 14; ECF No. 17. The Court then ordered Hairston to show cause why his case should not be dismissed. ECF No. 18. In June 2024, Hairston filed a notice of change of address. ECF No. 19. The Court thus vacated the order to show cause and recommended that the motion to dismiss be denied as moot. ECF No. 20; ECF No. 21. In August, Judge Cox adopted the recommendation. ECF No. 22.

The initial scheduling order set the discovery cutoff for July 3, 2024, and the dispositive motions deadline for August 2, 2024. ECF No. 12. Despite their diligence, defendants could not meet these deadlines. *See Leary*, 349 F.3d at 906. And plaintiff, who caused the delay, will not be prejudiced by an extension of the scheduling deadlines—the first extension in this case.

The Court thus **GRANTS IN PART AND DENIES IN PART** defendants' motion to extend the scheduling order. The Court **ORDERS** that the discovery and dispositive motion deadlines be extended by 90

days with the amended schedule as follows:

| | |
|---|---|
| Fact Discovery Cutoff: | October 1, 2024 |
| Dispositive Motion Cutoff: | October 31, 2024 |
| Final Pretrial Conference | To Be Determined |

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 15, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2024.

<u>s/Donald Peruski</u><br>
DONALD PERUSKI<br>
Case Manager