UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDELL HAIRSTON,

    Plaintiff,

v.

MILHOUSE, et al.,

    Defendants.

Case No. 23-cv-12434
Honorable Linda V. Parker

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO TOLL 14-DAY TIME PERIOD

On June 8, 2025, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation (R&R), recommending that this matter be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41 due to Plaintiff's failure to prosecute. The recommendation followed Plaintiff's failure to respond to Defendants' summary judgment motion, which they filed January 14, 2025 (ECF No. 29), and Magistrate Judge Stafford's order requiring Plaintiff to show cause why the action should not be dismissed for failure to prosecute, which she filed on March 3, 2025 (ECF No. 30). Magistrate Judge Stafford filed an Amended Report and Recommendation ("Amended R&R") on June 23, to also recommend that Defendants' summary judgment motion be denied as moot. (ECF No. 33.)

At the conclusion of the R&R and Amended R&R, Magistrate Judge Stafford advised the parties of their right to object within fourteen (14) days of being served. She further warned that the failure to file objections waives any further right to appeal.

Magistrate Judge Stafford served the R&R and Amended R&R on Plaintiff at the address he last provided to the Court, as well as the prison facility reflected on Michigan's Offender Tracking Information Service. (*See* 6/11/25, 6/23/25 & 7/10/25 Text-Only Entries.). The mailings were returned as undeliverable. (ECF Nos. 34, 35, 36.) This Court attempted service again on July 29. (7/29/25 Text-Only Entry.) That mailing has not been returned.

By August 18—well after fourteen (14) days from this last attempted service—Plaintiff had not filed objections to Magistrate Judge Stafford's R&R or Amended R&R, or otherwise contacted the Court. Therefore, on that date, the Court issued an Opinion and Order adopting Magistrate Judge Stafford's Amended R&R. (ECF No. 37.) The Court then dismissed Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Rule 41 and denied as moot Defendant's summary judgment motion. (*Id.*) A Judgment was entered on August 18 as well. (ECF No. 38.)

Plaintiff has now moved for a fourteen (14) day extension of the objection deadline. (ECF No. 39.) Plaintiff indicates that he is currently in segregation with

2

no access to the law library or his legal materials. (*Id.*) Although there is no date with Plaintiff's signature on his motion, there is an August 11 postmark on the envelope in which his motion was mailed to the court.

Under Federal Rule of Civil Procedure 6(b), a party must show "good cause" when seeking an extension of time before the time to act expires. Because Plaintiff does not indicate how long he has been in segregation, the Court cannot find good cause for his failure to file timely objections. In any event, his current placement in segregation does not explain his failure to respond to Defendant's January 14, 2025 summary judgment motion or Magistrate Judge Stafford's March 3, 2025 show cause order. It also does not excuse his failure to keep the Court apprised of his current mailing address.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to extend time is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 26, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 26, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

3